**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH BEAUCHAMP, | : | |
| | : | CIVIL ACTION NO. 09-5754 (MLC) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| RETIREMENT PLAN AND TRUST | : | |
| FOR EMPLOYEES OF LOCAL 827 | : | |
| INTERNATIONAL BROTHERHOOD | : | |
| OF ELECTRICAL WORKERS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COOPER, District Judge**

Plaintiff, Joseph Beauchamp, brings this action against
defendant, Retirement Plan and Trust for Employees of Local 827
International Brotherhood of Electrical Workers ("Defendant"),
seeking benefits under the Employee Retirement Income Security
Act ("ERISA"), 29 U.S.C. § ("Section") 1132(a)(1)(B).  (Dkt.
entry no. 1, Compl.)  Defendant now moves for summary judgment
pursuant to Federal Rule of Civil Procedure ("Rule") 56.  (Dkt.
entry no. 14).  Plaintiff cross-moves for summary judgment.
(Dkt. entry no. 15.)

The Court heard oral argument on the motion and cross motion
on March 16, 2011.  For the reasons stated herein, the Court will
(1) grant Defendant's motion for summary judgment, and (2) deny
Plaintiff's cross motion for summary judgment.

**BACKGROUND**

Plaintiff worked for New Jersey Bell Telephone (later Bell Atlantic, now Verizon and referred to herein as "Verizon") from June 29, 1964, to December 1992, retiring at age 50.  (Dkt. entry no. 14, Def. Stmt. Material Facts at ¶¶ 1-2, 5; dkt. entry no. 15, Pl. Br. at 6.)  He later retired from his union, the International Brotherhood of Electrical Workers Local 827 ("Local 827"), in 1995.  (Def. Stmt. Material Facts at ¶ 12.)

Plaintiff is entitled to separate pension benefits from Verizon and Local 827.  He took advantage of Verizon's "30 and Out" policy to retire from Verizon in 1992, by means of a five-year "window provision" which counted his 28.5 years of service as 33.5 years of service for purposes of the Verizon pension benefit.  (Id. at ¶ 7; Pl. Br. at 6-7.)  Verizon's "30 and Out" policy allowed employees having at least 30 years of service to retire at any age before reaching age 65 without being monetarily penalized for early retirement.  (Def. Stmt. Material Facts at ¶ 6; Dkt. entry no. 14, Charme Aff., Ex. 1, Beauchamp Dep. at 31:16-33:1.)  Plaintiff elected to take his Verizon benefit in the form of a lump sum payment of $196,856.02, in lieu of a $1,387.24 monthly pension.  (Charme Aff., Ex. 3, Bell Atl. Pension Plan Manual Pension Calculation Summary Sheet; Beauchamp Dep. at 70:12-17.)

The Retirement Plan and Trust for Employees of Local 827 (the "Plan") provides that any retirement benefit under the Plan must be reduced by, in effect, the Verizon pension benefit, insofar as it requires that Defendant subtract from the base benefit calculation "any pension benefit payable . . . as a result of any period of employment with New Jersey Bell Telephone Company while covered under the Bell System Pension[,] disregarding any additional years of service which may be credited . . . under a pension window provision set forth in the Bell System Retirement Plan."  (Charme Aff., Ex. 4, Plan at § 5.2(a)(iv).)  The term "pension window provision" is not defined in the Plan, but there is no dispute that the term refers to the five-year window provision utilized by Plaintiff in order to retire under "30 and Out" after 28.5 years of actual service.

Defendant effected the Plan's requirement that it "disregard[] . . . additional years of service . . . credited . . . under [the] window provision" by adjusting Plaintiff's $1,387.24 Verizon monthly pension benefit to disregard the five years of service credited under the window provision using the following calculation:  $1,387.24 x (28.5/33.5) = $1,180.19. (Def. Stmt. Material Facts ¶ 15; Charme Aff., Ex. 5, Retirement Plan for Employees of Local 827 I.B.E.W. Pension Application Information Worksheet.)  Thus, in determining Plaintiff's benefit under the Plan, Defendant offset Plaintiff's base Plan benefit of

$1,992.89 by the adjusted Verizon benefit of $1,180.19, for a total monthly Plan pension of $812.70.  (Id.)[1]

Plaintiff appealed Defendant's decision to use $1,180.19 as the offset amount, claiming that the proper offset amount should be $832.03.  That figure appeared in a document provided by Verizon to Plaintiff before he actually retired from Verizon, estimating, inter alia, what his Verizon pension benefit would be when taking into account a "reduction for early retirement." (Charme Aff., Ex. 8, Verizon Associate Pension Calculation Estimate.)  Defendant denied the appeal.  (Charme Aff., Ex. 7, 11-29-07 Letter; Ex. 9, 9-22-08 Letter.)  Plaintiff then brought this action claiming he "has not been issued the proper monthly pension" by Defendant.  (Compl. at ¶ 11.)  Specifically, he believes that under the Plan's pension formula, he should be receiving $1,160.85 per month, but he is actually receiving $804.57 per month, such that he "is being shorted $356.28 per

---

[1] For reasons not fully clear to the Court, it appears that Defendant actually pays a benefit of $804.57 to Plaintiff, rather than the $812.70 figure.  This is related to the fact that Plaintiff elected to receive his Plan pension under a "joint and survivor" annuity option that would continue to pay a reduced benefit to his spouse if he predeceased her.  (See Charme Aff., Ex. 5, Local 827 Letter to Plaintiff dated 12-5-02.) Irrespective of this apparent discrepancy, both parties agree that the only issue to be resolved by the Court is whether the proper offset amount under § 5.2(a)(iv) of the Plan is $1,180.19, as determined by Defendant, or $832.03, as urged by Plaintiff. (Def. Stmt. Material Facts at ¶ 22; Pl. Br. at 21; Beauchamp Dep. at 82:22-25 (Q: "That's the only dispute you have as to your pension calculation, right, whether you use 832.03 versus the 1,180.19?" A: "Correct."); id. at 128:25-129:1.)

month."  (Pl. Br. at 21.)  Plaintiff argues that Defendant

"incorrectly characterized his retirement as early, and added in

the years he was given by Verizon when he retired."  (Id.)  He

now seeks review of the Plan pension benefit calculation,

retrospective and prospective relief with interest, and contends

that the trustees of Defendant violated their fiduciary duties to

Plaintiff.

## DISCUSSION

### I.   Legal Standards

#### A.   Summary Judgment Standard

The standard for a motion for summary judgment is well-

settled and will be briefly summarized here.  Rule 56 provides

that summary judgment is proper if there is no genuine issue as

to any material fact and the movant is entitled to judgment as a

matter of law.  Fed.R.Civ.P. 56(a).  In making this

determination, the Court must "view[] the record in the light

most favorable to the non-moving party and draw[] all inferences

in that party's favor."  United States ex rel. Josenske v.

Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009) (citing

Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir.

2001)).

The summary judgment standard is not affected when the

parties file cross motions for summary judgment.  Appelmans v.

City of Phila., 826 F.2d 214, 216 (3d Cir. 1987).  If review of

cross motions for summary judgment reveals no genuine issues of material fact, then judgment will be entered "in favor of the party deserving judgment in light of the law and undisputed facts." Iberia Foods Corp. v. Romeo, 150 F.3d 298, 302 (3d Cir. 1998).

### B.    Applicable Standard of Review

ERISA permits a plan participant or beneficiary to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  The Court should review a denial of ERISA plan benefits under a de novo standard of review, unless the benefit plan gives the administrator or fiduciary of the plan discretionary authority to determine benefits eligibility or construe the plan's terms.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  If the plan confers such discretion, the Court should apply a deferential abuse of discretion standard.  Estate of Schwing v. The Lilly Health Plan, 562 F.3d 522, 525, 526 n.2 (3d Cir. 2009).  Under this standard, the Court must uphold the plan administrator's decision unless it was "without reason, unsupported by substantial evidence or erroneous as a matter of law."  Id. at 527 (citation omitted). "This scope of review is narrow, and the court is not free to substitute its own judgment for that of the defendants in

determining eligibility for plan benefits." Doroshow v. Hartford
Life & Accident Ins. Co., 574 F.3d 230, 234 (3d Cir. 2009)
(quotation and citation omitted).

Where the plan administrator "both determines whether an
employee is eligible for benefits and pays benefits out of its
own pocket," a conflict of interest exists, and "a reviewing
court should consider that conflict as a factor in determining
whether the plan administrator has abused its discretion in
denying benefits." Glenn v. Met. Life Ins. Co., 554 U.S. 105,
108 (2008).

The plan administrator here is Local 827. (Plan at §§ 2.16,
2.30, 10.5.) The Trustees of the Plan "have the power to
interpret or construe the Plan; to determine all questions that
may arise as to the eligibility, status, rights and obligations
of the Participants and others; and to decide any disputes
arising hereunder." (Id. at § 10.5.) However, the Plan pays the
benefits once the plan administrator has made its decision.
(Plan at §§ 8, 10.12, 14.1.) Accordingly, we review Defendant's
determination that $1,180.19 is the proper offset amount for an
abuse of discretion, taking into consideration the conflict of
interest as one of the factors to be weighed in our review.

## II.  Legal Standards Applied Here

We find that Defendant did not abuse its discretion in
determining that it would offset Plaintiff's Plan benefit of

$1,992.89 by $1,180.19 rather than $832.03.  The record before
the Court, including the plain language of the Plan itself,
demonstrates that Plaintiff's proposed offset stems from an
unreasonable reading of the Plan, while Defendant's calculations
must be upheld because they are not "without reason, unsupported
by substantial evidence or erroneous as a matter of law."
Doroshow, 574 F.3d at 234.

     Plaintiff's insistence that "[h]is retirement was not early
under the clear language of the . . . Plan" is nonsensical, given
that Plaintiff is advocating an interpretation of the Plan that
would presume for offset purposes that he was in fact penalized
for taking early retirement from Verizon--the $832.03 estimate.
(Pl. Br. at 19.)  Under Verizon's "30 and Out" policy, with the
benefit of the five-year window provision, Plaintiff retired
without being penalized for retiring early and he was able to
collect a full pension equivalent to a $1,387.24 monthly payment.
The language of the Plan required Defendant to "disregard any
additional years of service . . . credited . . . under a pension
window provision" in offsetting the Verizon pension benefit from
the Plan benefit, which it did by adjusting Plaintiff's monthly
Verizon pension equivalent to discount it for the five-year
window provision.  (Plan at § 5.2(a)(iv); Retirement Plan for
Employees of Local 827 I.B.E.W. Pension Application Information
Worksheet.)  There is absolutely no basis for Defendant to have

adopted the $832.03 figure from the "Verizon Associate Pension Calculation Estimate" as the proper offset amount, because that figure is clearly labeled "Reduction for Early Retirement," and it is undisputed that Plaintiff did not suffer that reduction because he was not considered by either Verizon or Defendant to have taken an early retirement for purposes of either the Verizon pension benefit or the Local 827 Plan benefit.

We thus conclude that Defendant was reasonable in using the $1,387.24 figure as the starting point for determining the offset amount, because it represents the "actual amount of benefits received by the retiree." Ahearn v. Marsh & McLennan Co., Inc., 124 Fed.Appx. 118, 120 (3d Cir. 2005) (affirming plan administrator's construction of the term "Social Security benefit" within the meaning of a benefits offset provision). There is no evidence that the structural conflict of interest affected Defendant's calculation of Plaintiff's Plan pension benefit.  Defendant is therefore entitled to summary judgment.

### CONCLUSION

For the reasons stated supra, the Court will grant Defendant's motion for summary judgment, and deny Plaintiff's cross motion for summary judgment.  The Court will issue an appropriate order and judgment.

s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge

Dated: March 28, 2011